■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TAURON WARREN, Respondent. [613 NYS2d 375] —Order, Supreme Court, New York County (Carol Berkman, J.), entered March 11, 1993, which granted defendant's motion to suppress a gun and his post-arrest statements, unanimously reversed, the motion to suppress denied, and the matter remanded for further proceedings.

At six o'clock on a Sunday morning, an officer heard two gunshots and drove with his partner into 149th Street, where he believed the shooting had occurred. There he saw defendant and another man. Defendant was holding a jacket in his left hand and tugging at an object in his waistband with his right hand. After looking in the direction of the patrol car, defendant draped the jacket over his right shoulder, holding it with his left hand, concealing his hands and the right side of his body and waist. The officer stepped out of the car with his gun drawn, but pointed downward, and asked defendant to stop and show his hands. Only after the third request did defendant do so, placing the jacket on the ground and, without being directed to do so, putting his hands in the air and placing them against a wall. The officer holstered his gun and placed his hand on defendant's back. Defendant lowered his hand toward his waistband, but returned it to the wall on the officer's direction. The officer then patted the waistband, felt the gun, pulled it out, and placed defendant under arrest. Defendant said he carried the gun for protection. After being read his Miranda rights, defendant gave a written statement at the precinct station.

The motion court concluded that defendant's compliance with the officer's request to return his hands to the wall obviated the need to pat down defendant. Here, however, two shots had been heard, defendant had twice ignored requests to expose his hands and had concealed his right side, and defendant, having on his own, put his hands against the wall, had dropped his right hand again toward his waistband. "It is

quite apparent to an experienced police officer, and indeed it may almost be considered common knowledge, that a handgun is often carried in the waistband" *(People v Benjamin,* 51 NY2d 267, 271). It would be unrealistic to require the officer to assume the risk that defendant's conduct was innocuous or innocent *(supra).* Considering the totality of the circumstances, there was an ample measure of reasonable suspicion necessary to justify the limited intrusion of the pat-down *(supra).* It must be observed, moreover, that the "nature and quality of the intrusion" here before the discovery of the gun was, as in *Terry v Ohio* (392 US 1, 24), minimal and consistent with the limited purpose of neutralizing any threat of physical harm.

Having found the officer's frisk of defendant improper, the motion court found it unnecessary to analyze the propriety of the officer's approach to defendant in the first place. Having heard shots which seemed to come from 149th Street and finding only two people there at that early-morning hour, however, the officer initially clearly had at the least an objective credible reason to approach defendant *(see, People v Benjamin, supra,* at 271), a reason which was escalated by defendant's tugging at an object in his waistband, concealing his right side with his jacket, and twice failing to bring his hands into the open when requested to do so *(see, People v Benjamin, supra,* at 270-271; *People v De Bour,* 40 NY2d 210, 225). Both the initial approach and the eventual pat-down were justified. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.